UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH J. JACKSON,

Plaintiff,

v.

RICHARD A. TATE, *et al.*,

Defendants.

No. C09-874RSL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. #10), plaintiff's response (Dkt. #13), and defendants' reply (Dkt. #15). Defendants argue that the Court lacks subject matter jurisdiction because, *inter alia*, (1) plaintiff's common law tort claims are barred by the two year statute of limitations mandated by the Federal Tort Claims Act and (2) plaintiff's claims are barred by the Feres doctrine. After considering the applicable law and the submissions of the parties, the Court GRANTS the government's motion to dismiss because plaintiff's claims are barred by the Feres doctrine.

## II. DISCUSSION

### A. Factual Background

These facts are taken from plaintiff's second amended complaint (Dkt. #11) and response

(Dkt. #13) to defendants' motion to dismiss. Plaintiff Keith L. Jackson was honorably discharged from the Washington State Army National Guard ("WSANG") on May 16, 2006. On or about June 24, 2006, defendant Washington State Army National Guardsmen Richard A. Tate and Randy L. DeCoteau completed paperwork re-enlisting plaintiff for two years and four weeks of service with WSANG. In this paperwork, Tate and DeCoteau swore under oath that Jackson was present before them in Issaquah, Washington, was personally administered the required oath, and was observed signing the enlistment contract. Jackson, however, was not in Issaquah, Washington at the time. He was working as a contractor in Iraq. Upon discovering his re-enlistment, Jackson complained that it was fraudulent. The State of Washington investigated Jackson's claims and found that the enlistment contract was enforceable. Not satisfied with this result, Jackson filed a declaratory judgment action against Washington and the United States seeking an order that the enlistment agreement was not enforceable. That case was resolved after Washington agreed to honorably discharge plaintiff. Plaintiff now sues asserting various state law tort causes of action and violations of the United States Constitution under either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**B. Fed. R. Civ. P. 12(b)(1)**

Fed. R. Civ. P. 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. Because federal courts are courts of limited jurisdiction, it is presumed that a cause lies outside the jurisdiction of federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing that jurisdiction exists. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001).

**C. The Westfall Act and Federal Tort Claims Act**

Defendants assert that plaintiff's common law tort claims are barred by the two year statute of limitations mandated by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b) because the named defendants are federal employees pursuant to the Westfall Act, 28 U.S.C. § 2670, *et seq*. When a federal employee is sued for wrongful or negligent conduct, the Westfall Act empowers the Attorney General to certify that the employee was acting within the scope of his federal office or employment. The United States is then substituted as defendant in place of the employee and the litigation is thereafter governed by the FTCA. Osborn v. Haley, 549 U.S. 225, 229-30 (2007). To this end, defendants have submitted the certification of Assistant United States Attorney Brian Kipnis, which states that, based on the information available to him, defendants Tate and DeCoteau were acting within the scope of their employment as employees of the United States at the time of the acts giving rise to plaintiff's causes of action. Dkt. #10, Attachment A.

Defendants' Westfall certification is ineffective here because, as plaintiff points out, it is not consistent with the language of the Westfall Act. The act lists specific instances where an employee of the National Guard is considered an employee of the federal government for the purposes of the act in its definitions section:

> "Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.

28 U.S.C. § 2671. The Title 32 sections enumerated in this paragraph cover the following activities by members of the National Guard: (1) funeral honors, (2) rifle instruction to civilians, required drills and field exercises, (3) participation in field exercises, (4) small arms

competitions, and (5) the authorization of Guardsmen to attend Army and Air Force schools for education and exercises. Clearly, the fraudulent enlistment activity alleged by plaintiff is not covered by this definition. Therefore, the defendants are not considered federal employees for the purposes of the Westfall Act, and neither the Westfall Act nor FTCA applies to this case.

**C. The Feres Doctrine**

Defendants also argue that the Court lacks jurisdiction because they are immunized by the Feres doctrine. In Feres v. United States, the Supreme Court held that members of the armed services could not sue the government for injuries that "arise out of or are in the course of activity incident to service." 340 U.S. 135, 146 (1950). Courts have applied this bar broadly:

> The Feres doctrine is applicable whenever a legal action would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States. The test has been broadly construed to immunize the United States and members of the military from any suit which may intrude in military affairs, second-guess military decisions, or impair military discipline.

Zaputil v. Cowgill, 335 F.3d 885, 887 (9th Cir. 2003) (citations and quotation marks omitted); see also Persons v. United States, 925 F.2d 292, 295 (9th Cir.1991) ("Practically any suit that implicates the military judgment and decisions runs the risk of colliding with Feres.") Feres likewise extends "to suits between individual members of the military, recognizing an intramilitary immunity from suits based on injuries sustained incident to service." Bowen v. Oistead, 125 F.3d 800, 804 (9th Cir. 1997) (citation and quotation marks omitted). Moreover, "[t]he overwhelming weight of authority indicates that state National Guard officers are protected from suit by fellow Guardsmen by the Feres doctrine." Id. at 804-05. Feres immunity applies not only to tort claims, but also to constitutional actions arising under Bivens or Section 1983. Id.

Plaintiff argues that he was discharged from the National Guard and a civilian when plaintiffs committed their alleged wrongs, so Feres does not apply. See Dkt. #13 at 10. This argument is belied by the discharge order attached to Jackson's complaint, which indicates that

immediately following his effective discharge from WSANG on May 16, 2006, Jackson was a member of the United States Army Reserve. See Dkt. #11 at 41. ("Individual reverts to the USAR Control Group as indicated to complete remaining service obligation with an expiration date of 20080718.") The Ninth Circuit has held that Feres applies in exactly this situation because members of the Reserves are also service members under Feres:

> In this case, [plaintiff's] recall into service by the California Air National Guard occurred while she was still a member of the Air Force Reserve. See 10 U.S.C. § 12106(b); 10 U.S.C. § 12107(b)(2). Because [plaintiff] was still in the Reserve, decisions and orders to recall her into the California Air National Guard necessarily implicate military decisions, affairs and discipline. See Jackson v. United States, 110 F.3d 1484, 1487 (9th Cir. 1997) (holding that "[m]embers of the National Guard and the Reserves are service members under Feres.").

Zaputil v. Cowgill, 335 F.3d 885, 887 (9th Cir. 2003). Under the logic of Zaputil, defendants' allegedly unlawful re-enlistment of plaintiff to WSANG while he was a United States Army Reservist falls under Feres and, consequently, plaintiff has no civil remedy in federal court (with the limited exception of *habeas* relief).

> The issue before us is not whether the orders issued to [plaintiff] were lawful, unlawful, or otherwise, and therefore we express no opinion on whether a unit of the Air National Guard may call up a member of the Air Force Reserve. Under the Feres doctrine, military service personnel simply do not enjoy a federal tort remedy for damages caused by even indisputably erroneous military decisions and orders.

Id. The Zaputil court upheld the district court's dismissal for lack of subject matter jurisdiction because "under the Feres doctrine, federal courts simply do not provide a forum for civil damages for such events." Id. Such is the case here. In light of the discharge notice, which indicates that Jackson was a United States Army Reservist at the time of the alleged violations, plaintiff has failed to meet his burden of establishing jurisdiction. The Court must therefore dismiss plaintiff's constitutional and tort claims for lack of subject matter jurisdiction.[1]

---

[1] The parties also dispute whether defendants were acting under color of state or federal law when they performed the alleged acts, and thus whether Bivens or Section 1983 should apply to plaintiffs' constitutional claims. As the case law makes clear, it does not matter whether these

## III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED. The Clerk of Court is directed to enter judgment for the defendants and against the plaintiff.

DATED this 12th day of March, 2010.

Robert S. Lasnik
United States District Judge

---

constitutional claims are properly brought under Section 1983 or Bivens because the Feres doctrine applies equally to both.